UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUSAN KINDER, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-1952-TWP-MJD |
| MARION COUNTY PROSECUTOR'S OFFICE, | |
| Defendant. | |

## ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES

Defendant Marion County Prosecutor's Office, by counsel, answers the Plaintiff's complaint, ECF 1, as follows:

## Complaint and Demand for Jury Trial

This action is for damages to redress Defendant MCPO's unlawful discrimination against Plaintiff, Susan Kinder (hereinafter "Kinder"), because of Defendant MCPO's unlawful discrimination against Kinder because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and Defendant's unlawful violation of the Equal Protection Clause of the Fourteenth Amendment. Kinder brings her Constitutional claims pursuant to 42 U.S.C. § 1983.

**Answer: This is a rhetorical paragraph to which no answer is required since it contains no allegations against the Defendant. To the extent an answer is required, the Defendant denies.**

Kinder seeks compensatory damages for emotional harm and humiliation from the discrimination by Defendant. Plaintiff also seeks punitive damages for the intentional and wanton disregard of her civil rights by Defendant.

**Answer: This is a rhetorical paragraph to which no answer is required since it contains no allegations against the Defendant. To the extent an answer is required, the Defendant denies.**

### Jurisdiction and Venue

1. The Court has jurisdiction over this proceeding pursuant to 42 U.S.C. § 2000e-5(f)(3) (Title VII) and 42 U.S.C. § 1983 as amended by the Civil Rights Act of 1991. In addition, jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

**Answer: The Defendant admits the material allegations of paragraph 1.**

2. The Court has personal jurisdiction over the parties.

**Answer: The Defendant admits the material allegations of paragraph 2.**

3. Kinder has satisfied her obligation to exhaust her administrative remedies as required under 42 U.S.C. § 2000e et seq., by timely filing a charge of discrimination, EEOC Charge Number 470-2022-00285 (dated 10/19/2021).

**Answer: The Defendant denies the material allegations of paragraph 3.**

4. The EEOC issued Plaintiff Notices of Right to Sue on all the charges on April 28, 2022. Notice was received on July 6, 2022. Kinder files her suit within ninety (90) days of receipt of the notice.

**Answer: The Defendant admits only that the EEOC issued Plaintiff a Notice of Right to Sue on April 28, 2022. The Defendant denies the remaining material allegation of paragraph 4. The Defendant denies that the Plaintiff timely filed her suit.**

5. All actions which form the basis of the claim originated in Marion County, Indiana.

**Answer: The Defendant admits the material allegations of paragraph 5.**

6. Plaintiff Kinder resides in Marion County, Indiana.

**Answer: The Defendant admits the material allegations of paragraph 6.**

7. Defendant MCPO is located in Marion County, Indiana.

**Answer: The Defendant admits the material allegations of paragraph 7.**

### Statement of Facts

8. Plaintiff incorporates by reference paragraphs 1 through 7 above.

**Answer: The Defendant incorporates all previous answer paragraphs by reference.**

9. Plaintiff became employed by Defendant in the Child Advocacy Center ("CAC") in August 2013.

**Answer: The Defendant admits the material allegations of paragraph 9.**

10. Plaintiff started as a receptionist before being promoted to a Victim Advocate in 2015.

**Answer: The Defendant admits the material allegations of paragraph 10.**

11. As a Victim Advocate, Petitioner was responsible for meeting with families, assisting families with getting needed services, contacting families to follow up on their cases, working with DCS case workers to get families services the CAC could not provide, and interacting with law enforcement on cases involving CAC services.

**Answer: The Defendant admits in part and denies in part the material allegations of paragraph 11. The Plaintiff had responsibility for the items listed in paragraph 11. The Defendant further states that the Plaintiff also had responsible for performing receptionist duties at CAC, such as greeting those who entered CAC and answering phone calls.**

3

12. Plaintiff was also responsible for the National Children's Advocacy ("NCA") database which included reporting, tracking statistics for grants, and training Advocates on the database.

**Answer: The Defendant admits the material allegations of paragraph 12.**

13. On or about June 23, 2021, Plaintiff was informed that another Victim Advocate, Lydia Richardson (hereinafter "Richardson"), black female, filed a complaint against her.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 13, and therefore denies them.**

14. Richardson made a number of allegations against Plaintiff; insinuating Plaintiff was racist and creating a hostile work environment.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 14, and therefore denies them.**

15. Defendant brought in an attorney from the office of Corporation Counsel to determine appropriate steps to take to address Richardson's allegations.

**Answer: The Defendant admits only that the Defendant sought the advice of legal counsel but denies the remainder of paragraph 15 as alleging confidential and privileged attorney-client communications between the Defendant and legal counsel.**

16. On or about June 23, 2021, Chief Counsel Celita Scott (hereinafter "Scott"), black female, and Chief Deputy of Criminal Charging Stephanie Bibbs (hereinafter "Bibbs"), black female, interviewed Plaintiff.

**Answer: The Defendant admits the material allegations of paragraph 16.**

4

17. During the interview, Plaintiff was asked about her stepchildren's initials and the route she drives home from work.

**Answer: The Defendant admits the material allegations of paragraph 17.**

18. Following the investigation, the complaint against Plaintiff was unsubstantiated.

**Answer: The Defendant admits in part and denies in part the material allegations of paragraph 18. The Defendant admits that it did not substantiate a specific hostile work environment claim brought against the Plaintiff. The Defendant denies, however, that there was no merit to the complaints against the Plaintiff.**

19. On July 7, 2021, Plaintiff received an email listing additional duties that were being implemented for each Advocate, including Plaintiff.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 19, and therefore denies them.**

20. In addition to the Advocate duties, Plaintiff was responsible for NCA database duties, keeping track of statistics for the grant, and NCA database training.

**Answer: The Defendant admits in part and denies in part the material allegations of paragraph 20. Upon information and belief, the Plaintiff had responsibility for the items listed in paragraph 20. The Defendant further states that the Plaintiff also had responsible for performing receptionist duties at CAC, such as greeting those who entered CAC and answering phone calls.**

21. On July 12, 2021, a follow up email was sent with a list of daily duties for the Advocate roles.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 21, and therefore denies them.**

22. On or about July 16, 2021, Plaintiff was informed by Scott that effective July 19, 2021, she would no longer be working at the CAC.

**Answer: The Defendant admits in part and denies in part the material allegations of paragraph 22. The Defendant admits only that Scott informed the Plaintiff and Ms. Richardson that, in light of their interpersonal conflict, they would both be re-assigned to new positions in the Marion County Prosecutor's Office that were an approximate continuation of the duties and responsibilities they had in their respective previous positions. The Defendant denies the remaining material allegations of paragraph 22.**

23. Plaintiff was told by Scott that due to a conflict of interest with Richardson, she was being reassigned as a third-floor receptionist downtown.

**Answer: The Defendant admits in part and denies in part the material allegations of paragraph 23. The Defendant admits only that Scott informed the Plaintiff and Ms. Richardson that, in light of their interpersonal conflict, they would both be re-assigned to new positions in the Marion County Prosecutor's Office that were an approximate continuation of the duties and responsibilities they had in their respective previous positions. The Defendant denies that the Plaintiff was reassigned the position of "receptionist" only. Defendant denies the remaining material allegations of paragraph 23.**

24. At the same time, Richardson was reassigned to a full-time Advocate position with the Domestic Violence Court, a position which included a private office.

**Answer: The Defendant admits the material allegations of paragraph 24. The Defendant further states Ms. Richardson was re-assigned to a new position in the**

**Marion County Prosecutor's Office that as an approximate continuation of the amount of responsibility she had in her previous position.**

25. Scott had authority and discretion to keep Plaintiff at the CAC.

**Answer: The Defendant denies the material allegations of paragraph 25.**

26. Scott also had authority and discretion to demote Richardson but failed to do so.

**Answer: The Defendant denies the material allegations of paragraph 26.**

27. On July 28, 2021, Scott ordered Plaintiff to report to Scott's office.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 27, and therefore denies them.**

28. At the conclusion of the meeting, Plaintiff requested a copy of her new job description and copies of the unsubstantiated complaints.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 28, and therefore denies them.**

29. Scott informed Plaintiff that her position was similar to the role she held at the CAC.

**Answer: The Defendant admits the material allegations of paragraph 29.**

30. On August 6, 2021, Plaintiff met with Scott again.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 30, and therefore denies them.**

31. Scott informed Plaintiff that she received a complaint that Plaintiff said she could not train a CAC associate on the NCA database because she was no longer assigned to the CAC.

**Answer: The Defendant admits the material allegations of paragraph 31.**

32. That complaint was made by Sharkell Henton (hereinafter "Henton"), a friend of Richardson.

**Answer: The Defendant admits in part the material allegations contained in paragraph 32. The Defendant admits that Shakell Henton made a complaint against the Plaintiff. The Defendant lacks sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 32, and therefore denies them.**

33. Scott reprimanded Plaintiff and told Plaintiff that Plaintiff had no choice and was directed to assist with training CAC associates.

**Answer: The Defendant admits the material allegations contained in paragraph 33. The Defendant further states that Scott informed the Plaintiff that the Plaintiff was the only person with the knowledge required to assist in training.**

34. On August 6, 2021, Plaintiff was informed by Scott via email that they do not keep copies of investigations that are unsubstantiated.

**Answer: The Defendant denies the material allegations contained in paragraph 34.**

35. In a separate email, Scott provided Plaintiff with a copy of her job description identified as a Receptionist and backup Victim Advocate.

**Answer: The Defendant admits the material allegations of paragraph 35.**

36. Part of Plaintiff's previous role was to task Advocates on cases.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 36, and therefore denies them.**

37. On August 23, 2021, Plaintiff received an email from her Supervisor, Domini Eldridge (hereinafter "Eldridge").

8

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 37, and therefore denies them.**

38. Eldridge stated she was trying to figure out why Plaintiff tasked someone on a drug case.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 38, and therefore denies them.**

39. Specifically, Eldridge stated, "I don't know why the receptionist would need to task the Advocate on a drug case."

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 39, and therefore denies them.**

40. Since being moved to her new position, Plaintiff has only performed the responsibilities of a receptionist and has not performed any responsibilities as an Advocate.

**Answer: The Defendant denies the material allegations contained in paragraph 40.**

41. As an Advocate, Plaintiff was allowed to work remotely two days per week.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 41, and therefore denies them.**

42. As a receptionist, Plaintiff was required to be in the office every day.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 42, and therefore denies them.**

## Title VII

43. Plaintiff incorporates by reference paragraphs 1 through 42 above.

**Answer: The Defendant incorporates all previous answer paragraphs by reference.**

44. Plaintiff is a white female and thus a member of a protected class under Title VII.

**Answer: The Defendant admits the material allegations contained in paragraph 44.**

45. Plaintiff was fully qualified for the position of Daily Desk Advocate and throughout her employment met the legitimate performance expectations of the CAC.

**Answer: The Defendant denies the material allegations contained in paragraph 45.**

46. Plaintiff had not received any write-ups or other disciplinary actions prior to her reassignment from the CAC.

**Answer: The Defendant denies the material allegations contained in paragraph 46.**

47. Following an unsubstantiated complaint filed by a black associate, Plaintiff was reassigned to a reception position at downtown office by Scott, also black.

**Answer: The Defendant denies the material allegations contained in paragraph 47.**

48. The complaining associate was reassigned to a full-time position with the Domestic Violence Court which included her own office.

**Answer: The Defendant denies the material allegations contained in paragraph 48.**

49. Defendant's reason for reassignment of Plaintiff was that she was "embroiled in interpersonal conflict with Richardson".

**Answer: The Defendant admits the material allegations contained in paragraph 49. The Defendant further states that there were other legitimate, non-discriminatory reasons justifying the reassignment.**

50. There is no evidence that Plaintiff had an interpersonal conflict with Richardson.

**Answer: The Defendant denies the material allegations contained in paragraph 50.**

51. Richardson's complaints against Plaintiff were unsubstantiated following an investigation.

**Answer: The Defendant admits in part and denies in part the material allegations of paragraph 51. The Defendant admits that it did not substantiate a specific hostile work environment claim brought against the Plaintiff. The Defendant denies, however, that there was no merit to the complaints against the Plaintiff.**

52. In fact, it was Richardson who had an interpersonal conflict with Plaintiff due to Plaintiff's race.

**Answer: The Defendant denies the material allegations contained in paragraph 52.**

53. Richardson was rewarded with a new position and her own office, while Plaintiff was moved to a role with diminished duties and responsibilities.

**Answer: The Defendant denies the material allegations contained in paragraph 53.**

54. The reassignment from the Advocate role at the CAC to the third-floor receptionist at the downtown office was a downgrade to a less prestigious position with a diminishment of duties and responsibilities.

**Answer: The Defendant denies the material allegations contained in paragraph 54.**

55. Plaintiff does not have the same duties and responsibilities and does not use the same skill set she used at the CAC.

**Answer: The Defendant denies the material allegations contained in paragraph 55.**

56. Plaintiff was discriminated against based on her race in violation of Title VII of the Civil Rights Act of 1964.

**Answer: The Defendant denies the material allegations contained in paragraph 56.**

### Equal Protection Clause
**(Section 1983)**

57. Plaintiff incorporates by reference paragraphs 1 through 56 above.

**Answer: The Defendant incorporates all previous answer paragraphs by reference.**

58. Plaintiff is white and was treated less favorably than a similarly situated black Advocate.

**Answer: The Defendant denies the material allegations contained in paragraph 58.**

59. Plaintiff was one of only two white Advocates at the CAC.

**Answer: The Defendant lacks sufficient information to form a belief about the truth of the allegations contained in paragraph 59, and therefore denies them.**

60. Plaintiff was fully qualified for the position of Advocate and throughout her employment met the legitimate performance expectations of the CAC.

**Answer: The Defendant denies the material allegations contained in paragraph 60.**

61. Defendant, acting under color of state law, violated Plaintiff's Fourteenth Amendment rights of equal protection under the laws when it discriminated against Plaintiff based on her race by reassigning her from her Advocate position at the CAC based on an unsubstantiated complaint while rewarding the complaining Advocate with a new position and office.

**Answer: The Defendant denies the material allegations contained in paragraph 61.**

WHEREFORE, the Defendant, by counsel, moves the Court to enter judgment in its favor, that the Plaintiff take nothing by way of her complaint, and for all other just and proper relief.

## Statement of Affirmative and Other Defenses

The Defendant, by counsel, pleads the following affirmative and other defenses:

1.      The complaint fails to state a claim upon which relief can be granted, thus barring the Plaintiff's claims.

2.      The Defendant is not a suable "person" under Section 1983.

3.      The Plaintiff failed to exhaust her administrative remedies prior to filing suit.

4.      The Plaintiff's claims are barred in whole or in part to the extent the Plaintiff failed to file a charge with the Equal Employment Opportunity Commission within 180 or 300 days for each of his allegations. The Plaintiff's claims are barred, in whole or in part, to the extent that they were not presented to the Equal Employment Opportunity Commission in a timely fashion.

5.      The Plaintiff's claims are barred in whole or in part, to the extent suit was filed untimely and not initiated within ninety (90) days of Plaintiff's receipt of the EEOC Dismissal and Notice of Rights.

6.      The Plaintiff fails to make out a *prima facie* case of discrimination.

7.      The Defendant's decisions regarding or affecting the Plaintiff were based upon legitimate, lawful, nondiscriminatory and reasonable business justifications.

8.      The Plaintiff's complaint is barred, in whole or in part, based upon the *Faragher-Ellerth* Doctrine. No tangible adverse employment action was taken against the Plaintiff. The Defendant exercised reasonable care to prevent and promptly correct any of the alleged harassing behavior.

9.      The Plaintiff failed to mitigate her damages, if any, and is therefore barred from recovery.

10.      The Plaintiff has suffered no damages as a result of the Defendant's conduct.

11.      The Plaintiff's alleged damages, if any, were the result of her own acts and omissions.

12.     The Plaintiff's claims are barred in whole or in part by the Eleventh Amendment to the United States Constitution, the doctrines of sovereign immunity, qualified immunity, discretionary immunity, or any other applicable immunity.

13.     The Defendant is entitled to qualified immunity with respect to the Plaintiff's claims for damages based upon federal constitutional principles and/or federal law, as its actions were objectively reasonable and did not violate clearly established principles of law.

14.     The Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

15.     The Defendant at all times acted reasonably, without malice, and in good faith.

WHEREFORE, the Defendant, by counsel, moves the Court to enter judgment in its favor, that the Plaintiff take nothing by way of her complaint, and for all other just and proper relief.

## <u>Jury Demand</u>

The Defendant requests a trial by jury on all issues so triable.

> Respectfully submitted,
>
> THEODORE E. ROKITA
> INDIANA ATTORNEY GENERAL
> Attorney No. 18857-49

Date: <u>November 22, 2022</u>          By:     Alexander R. Carlisle
                                                Deputy Attorney General
                                                Attorney No. 34533-49

> OFFICE OF THE ATTORNEY GENERAL
> Indiana Government Center South, 5th Floor
> 302 West Washington Street
> Indianapolis, IN  46204-2770
> Telephone: (317) 234-6667
> Facsimile: (317) 232-7979
> E-mail: Alexander.Carlisle@atg.in.gov
> *Attorney for Defendant*